## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

JUDGE ASPAAS,

    Plaintiff,

v.                                                                                          Civ. No. 20-1109 KWR/GJF

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

## ORDER FOR *MARTINEZ* REPORT

THIS MATTER is before the Court pursuant to the presiding judge's October 4, 2022, Order Referring Case [ECF 13] ("Order"). Plaintiff is incarcerated, *pro se*, and proceeding in *forma pauperis*. ECF 3. He alleges that New Mexico Corrections Department (NMCD) officials working at Lea County Correctional Facility (LCCF), where he is housed, violated his rights under the United States Constitution's First, Eighth, and Fourteenth Amendments along with the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Specifically, Plaintiff alleges that he is a "full[-]blooded Native American of the Navajo Nation . . . allowed to own and po[ss]ess an Eagle Feather to practice [his] traditional prayers and sacred beliefs," but that LCCF Lieutenant Fike took his eagle feather backed by a threat to "lock[ ] [him] into seg." ECF 1 at 3. The Complaint originally sought roughly $215,074 in damages, the cost of replacing an eagle feather, court costs and fees, post-judgment interest, and an apology letter from Lt. Fike. *Id.* at 7–9; *see also* ECFs 29, 31 (moving to amend his requested remedy in the form of increased damages). At bottom, the Complaint alleges that Defendants violated Plaintiff's religious freedom rights.

Defendant Geo Group filed an answer. ECF 18. Defendant New Mexico Department of Corrections, instead of answering, moved to dismiss Plaintiff's Complaint. ECF 21. Based on the present record, the Court is not yet able to issue Proposed Findings and Recommended Disposition as the presiding judge's Order of Reference requires. So, the Court will order that Defendants produce a *Martinez* report and set corresponding deadlines for this report's filing.

**IT IS THEREFORE ORDERED** that, no later than **July 31, 2023**, the Defendants shall file a *Martinez* Report[1] as follows:

1. Defendants' *Martinez* Report must address **in a written brief** all of the allegations against each Defendant, as well as any defenses raised in their answer that they wish to pursue. Defendants shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations pertaining to Plaintiff's allegations exist, and, if so, the relevant policies or regulations must also be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise clearly serially marked. Defendants must also provide affidavits to properly authenticate submitted documents.

---

[1] In a suit brought by a *pro se* prisoner, the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a meritorious claim exists. *Martinez*, 570 F.2d at 320; *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a *sua sponte* entry of summary judgment**. *See Hall v. Bellmon*, 935 F.2d 1106, 1109–12 (10th Cir. 1991); (noting that a *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims"); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. Accordingly, in addition to the information requested by the Court herein, Defendants should submit whatever materials they consider relevant to Plaintiff's claims and their defenses. Plaintiff should do the same in his response.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may file under seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff. If Defendants seek to seal or redact any portion of their Report, they must file a motion to seal at least fourteen (14) days before the *Martinez* Report filing and service deadline. The motion to seal shall describe with specificity the type of documents Defendants wish to seal and shall assert the reasons for nondisclosure.

6. Should Defendants choose to file a motion for summary judgment based on the information contained with their *Martinez* Report, such a motion shall be filed (1) no later than **August 21, 2023**; (2) separate and apart from the Report; and (3) in compliance with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendants shall instead cite to the *Martinez* Report.[2] Defendants must provide citations supporting their assertions with specificity. At the very least, Defendants should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

8. **Plaintiff shall file and serve his response to the facts contained within Defendants' *Martinez* Report within thirty (30) days of its filing**. Defendants need not reply to Plaintiff's Response to the *Martinez* Report.

9. **If Defendants file a motion for summary judgment, Plaintiff must file a separate response to that motion within thirty (30) days of its filing**. Defendants shall file and serve their reply, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's response.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[2] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion. D.N.M.LR-Civ. 10.5. Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

3