UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUDGE ASPAAS,

    Plaintiff,

v.                                             Civ. No. 20-1109 KWR/GJF

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

**ORDER DENYING MOTIONS TO APPOINT COUNSEL**

THIS MATTER is before the Court on Plaintiff's multiple motions to appoint counsel [ECFs 11, 17, 22] ("Motions"). In his Motions, Plaintiff requests the Court appoint counsel to represent him in the above captioned case.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820, F.3d 390, 397 (10th Cir. 2016). The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *Rachel*, 820 F.3d at 397, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel will result in fundamental unfairness." *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397. Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis. Plaintiff's complaint, which is brought under 42 U.S.C. § 1983, does not appear

particularly complex.  Beyond citing his indigence which is common in most pro se cases, Plaintiff has not demonstrated an inability to prosecute the action.  The Court will therefore deny the Motions.

**IT IS THEREFORE ORDERED** that the Motions [ECFs 11, 17, 22] are **DENIED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE