UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JUDGE ASPAAS,

    Plaintiff,

v.                                                                              Civ. No. 20-1109 KWR/GJF

NEW MEXICO CORRECTIONS
DEPARTMENT, THE GEO GROUP INC.,
WARDEN SMITH, CAPTAIN FIKE, and
JOHN DOES 1-100,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED
DISPOSITION ON NMCD'S MOTION TO DISMISS AND
PLAINTIFF'S MOTIONS TO AMEND AND FOR EXTENSION**

THIS MATTER is before the Court on the following motions:

(1) Defendant New Mexico Corrections Department's ("NMCD's") Motion to Dismiss [ECF 21]. *See* ECFs 24 (response), 25 (amended response), 26 (reply).

(2) Plaintiff's unopposed Motion for Time Extension [ECF 23].

(3) Plaintiff's unopposed Motion to Amend Relief and Compensation for Damages by NMCD [ECF 29]. *See* ECF 32 (responding that "NMCD does not object to" the amendment).

(4) Plaintiff's unopposed Motion to Amend Relief and Compensation for Damages by the Geo Group Inc. [ECF 31].

(5) Plaintiff's Motion to Amend Civil Rights Complaint [ECF 40]. *See* ECF 41 (NMCD's response).

The Motion to Dismiss [ECF 21] contends that the claims against NMCD in Plaintiff's Civil Rights Complaint [ECF 1] must be dismissed with prejudice because (1) those claims "are barred by Eleventh Amendment immunity" and (2) in any event, "NMCD is not a person for the purposes of [42 U.S.C.] Section 1983." ECF 21 at 1–3. As explained below, the Court concludes that NMCD—a state agency that is not a "person" under § 1983—is immune from Plaintiff's § 1983

suit. The Court therefore recommends[1] **GRANTING** the Motion to Dismiss by **DISMISSING WITH PREJUDICE** Plaintiff's claims against NMCD.

As to the four remaining motions, the Court recommends (1) **DENYING AS MOOT** Plaintiff's motions to amend requested relief from NMCD [ECF 29] and for a time extension [ECF 23] and; (2) **GRANTING** Plaintiff's motions to amend requested relief from the Geo Group [ECF 31] and to amend complaint [ECF 40]; and (3) requiring that any further requests to amend Plaintiff's operative complaint satisfy the Federal Rules of Civil Procedure and the Court's Local Rules.

## I. BACKGROUND

Plaintiff's "Prisoner's Civil Rights Complaint," filed "pursuant to 42. U.S.C. § 1983," states that he is "a full blooded Native American of the Navajo Nation." Compl. [ECF 1] at 1–3. Plaintiff asserts that "[b]y federal law, [he is] allowed to own and possess an eagle feather to practice [his] traditional prayers and sacred beliefs" while incarcerated. *Id.* at 3. "While at the Lea County Corrections Facility [his] eagle feather was [allegedly] taken from [him] against NMCD policy and the facility policy." *Id.* During a "state-ordered shake down" inspection, an official allegedly confiscated the feather and "threatened [Plaintiff] with being locked into seg[regation] if [he] refused to allow [the official] to take it." *Id.* at 3, 11.

Plaintiff claims that his "1st, 8th, and 14th Amendment Rights were violated." *Id.* at 3. With respect to NMCD, Plaintiff alleges that NMCD's inadequate "oversight," its "lack of training," and "its own policy" "allow[ed] the violation of the plaintiff's 1st, 8th, and 14th Amendment rights under the U.S. constitution." *Id.* at 15–16. In light of these allegations, Plaintiff

---

[1] The Court files all of its recommendations pursuant to the presiding judge's Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings. ECF 13.

seeks monetary damages from NMCD.  *See id.* at 7–8 (requesting $50,000 for NMCD's violations of Plaintiff's 1st and 14th Amendment rights and $10,000 for NMCD's inadequate "oversight" and "lack of training"); *see also* ECF 29 at 2 (Plaintiff requesting to "amend[ ] his relief of compensation to five-hundred thousand dollars ($500,000) from NMCD").

NMCD argues that Plaintiff's claims against it—i.e., claims under § 1983 for NMCD's alleged violation of his constitutional rights—are not cognizable.  ECF 21 at 1–3; *see* ECF 26 at 5 (asserting that because "Plaintiff's Complaint is unambiguous that he is seeking monetary damages in compensation from Defendant NMCD for an alleged violation of his rights under the First, Eighth, and Fourteenth Amendments, this federal lawsuit is unviable against NMCD as a matter of law").  Consequently, NMCD requests that the Court "dismiss [NMCD] from this matter with prejudice."  ECF 21 at 3.

## II.  DISCUSSION

### A.  NMCD Is Immune from Plaintiff's § 1983 Suit

New Mexico's state sovereign immunity from § 1983 suits extends to NMCD.  Under 42 U.S.C. § 1983, any "person" acting under color of state law who "subjects . . . [another] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  "[T]hose persons to whom § 1983 applies" include not just individuals—but also "*municipalities* and other *local* government units."  *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978) (emphasis added) (observing that "*local* governments, like every other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to" an "official policy" or "governmental custom" (emphasis added)).  Although "local government units"—which "are not considered part of the State for Eleventh Amendment purposes"—may be liable under § 1983, "a *State* is not a 'person' within the meaning of § 1983."  *Will v. Michigan*

*Dep't of State Police*, 491 U.S. 58, 65–66 (1989) (emphasis added) (quotation omitted).  In other words, "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a *State* for alleged deprivations of civil liberties." *Id.* at 65 (emphasis added).

Additionally, "[i]t is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of N.M. Taxation & Rev. Dep't Motor Vehicle Div.*, 179 Fed. App'x 445, 446 (10th Cir. 2006) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will*, 491 U.S. at 71); *see, e.g.*, *Hern v. Crist*, 1987-NMCA-019, 735 P.2d 1151, 1155 (N.M. Ct. App. 1987) ("[T]he Department of Corrections is not a 'person' within the meaning of Section 1983."); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (observing that "state agencies partake in the State's immunity if they are 'arms of the state'" (quoting *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993)).  Moreover—as "states are not even 'persons' within the meaning of § 1983"—"§ 1983 does not abrogate state sovereign immunity." *Wood*, 414 F. App'x at 105; *see id.* at 104–05 (concluding that "[such] immunity deprive[d] [the courts] of subject-matter jurisdiction over the claims against the [Colorado Department of Corrections]" and affirming "the district court's dismissal of [plaintiff's § 1983] civil rights complaint and action with prejudice").[2]

---

[2] *See also Antonetti v. Santistefan*, No. 21-cv-279-DHU-SMV, 2023 WL 171787, 2023 U.S. Dist. LEXIS 5721, at *7 (D.N.M. Jan. 12, 2023) (Urias, J.) ("To the extent that Plaintiff intended to state a claim under § 1983 against the NMCD, the claim is not cognizable."); *Franklin v. Anaya*, No. 1:19-cv-00899-KWR-SMV, 2022 WL 2872513, 2022 U.S. Dist. LEXIS 130057, at *6 (D.N.M. Jul. 21, 2022) (Riggs, J.) (same); *Vasquez v. Tafoya-Lucero*, No. Civ. 20-612 RB/KRS, 2023 WL 110974, 2023 U.S. Dist. LEXIS 1680, at *16 (D.N.M. Jan. 5, 2023), *report and recommendation adopted*, 2023 WL 2012504, 2023 U.S. Dist. LEXIS 25498 (D.N.M. Feb. 15, 2023)  (concluding that "[the] federal claims against NMCD fail because a state agency cannot be sued under Section 1983 as it is not a 'person' for the purposes of Section 1983"); *Gatlin v. New Mexico Dep't of Corr.*, 1:20-cv-00865-JCH-LF, 2022 WL 392292, 2022 U.S. Dist. LEXIS 24147, at *11 (D.N.M. Feb. 9, 2022), *report and recommendation adopted*, 2022 WL 676669, 2022 U.S. Dist. LEXIS 40268 (D.N.M. Mar. 7, 2022) (recommending dismissal of claims against NMCD because "NMCD is a state agency and is not, therefore, a 'person' under § 1983 as a matter of law").

In sum, "[Plaintiff's] claim[s] under § 1983 against the NMCD . . . [are] not cognizable." *Franklin*, 2022 U.S. Dist. LEXIS 130057, at *6. The Court will therefore recommend "dismissal of [Plaintiff's § 1983] civil rights complaint and action [against NMCD] with prejudice." *Wood*, 414 F. App'x at 105.[3]

### B. Plaintiff's Motions to Amend Relief from NMCD and for Extension and Are Moot

Because the Court recommends dismissing Plaintiff's claims against NMCD, the Court further recommends denying as moot Plaintiff's request to "amend[ ] his relief of compensation to five-hundred thousand dollars ($500,000) from NMCD." ECF 29 at 2. The Court also recommends denying as moot Plaintiff's December 20, 2022, request for a "6-week extension due to upcoming holidays to organize defense." ECF 23 at 1. Although Plaintiff never specified what particular deadline he wanted to extend, he has had much more than his requested six weeks to organize a defense.

### C. The Unopposed Amendments to Complaint Should Be Permitted

The Court, however, recommends granting Plaintiff's requested amendments to his complaint. Defendant Geo Group's lack of response to either motion to amend [ECFs 31, 40] "constitutes [Geo Group's] consent to grant the motion[s]." D.N.M.LR-Civ. 7.1(b). Although

---

[3] Plaintiff § 1983 suit mentions the "Religious Land Use and Institutionalized Persons Act" (RLUIPA) in one instance—but does not clarify whether any claims are actually being asserted under this statute. *See* ECF 1 at 15 (containing a stand-alone paragraph, located in Plaintiff's "Summary" narrative section, that is comprised of one (incomplete) sentence that simply states, "Under the [RLUIPA]" and then cites six cases). Furthermore, Plaintiff does not expressly clarify who might have violated this statute (or the provision(s) of the statute that were violated). *See id.* at 15–17. At most, under a very generous reading of his Complaint, it seems that Plaintiff might be alleging Defendants Smith and Fike are liable for (unspecified) RLUIPA violation(s). In any event, even assuming that Plaintiff were asserting RLUIPA claim(s)—and that those claim(s) were actually being asserted against NMCD (which no plausible reading of the Complaint seems to suggest)—any RLUIPA claim against NMCD would have to be dismissed, as Plaintiff seeks only monetary relief from NMCD. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (holding that RLUIPA "does not include suits for damages against a State"); *Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (observing that "Eleventh Amendment immunity bars RLUIPA claims for money damages" and that "RLUIPA is limited to official capacity claims for equitable relief" (citation omitted)); *Wilson v. Gonzales*, No. 16-CV-00604-MCA-CG, 2017 U.S. Dist. LEXIS 20026, at * (D.N.M. Feb. 8, 2017) (Armijo, J.) (concluding that plaintiff's "claims under RLUIPA seeking monetary damages[ ] will be dismissed for failure to state a claim on which relief may be granted").

NMCD filed a brief response in opposition to Plaintiff's second request to amend (noting concerns with timeliness, futility of amendment, and compliance with the local rules), *see* ECF 41, the Court does not address NMCD's objections in light of its recommendation to dismiss Plaintiff's claims against NMCD—and because the requested amendments would not change NMCD's status as a party that is immune from this suit.[4]

### D. Plaintiff Should Comply with Federal Rules for Any Further Amendments

The Court recommends avoiding any further piecemeal amendments by requiring Plaintiff to comply with the Federal Rules of Civil Procedure and the Court's Local Rules of Civil Procedure. *See Davis v. Kansas Dep't of Corr.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (observing that "[o]n account of [inmates'] pro se status, we liberally construe [their] filings, but hold [them] to the same rules of procedure as other litigants"). The Court reminds Plaintiff that, under Rule 15 of the Federal Rules of Civil Procedure, "[a] court may deny leave [to amend] . . . on account of 'undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment.'" *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (third and fourth brackets in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, the Local Rules require that "[a] proposed amendment to a pleading must accompany [any] motion to amend." D.N.M.LR-Civ. 15.1.

## III. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that NMCD's Motion to Dismiss [ECF 21] be **GRANTED** and that Plaintiff's claims against NMCD be **DISMISSED WITH PREJUDICE**.

---

[4] Plaintiff's requested amendment consisted of (1) a one-page Civil Cover Sheet [ECF 40 at 4]; (2) a one-page "Amended Complaint" title page [ECF 40 at 3]; and (3) a one-phrase demand for "relief of compensation [of] five-hundred thousand dollars ($500,000) from the national private entity the Geo Group Inc" [ECF 31 at 2].

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Time Extension [ECF 23] and Motion to Amend Relief and Compensation for Damages by NMCD [ECF 29] be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Amend Relief and Compensation for Damages by the Geo Group [ECF 31] and Motion to Amend Civil Rights Complaint [ECF 40] be **GRANTED**. Plaintiff's operative "Amended Complaint" would thus consist of his Original Complaint [ECF 1], modified by his (1) one-page Civil Cover Sheet [ECF 40 at 4]; (2) one-page "Amended Complaint" title page [ECF 40 at 3]; and (3) one-phrase demand for "relief of compensation [of] five-hundred thousand dollars ($500,000) from the national private entity the Geo Group Inc" [ECF 31 at 2].[5]

**IT IS FINALLY RECOMMENDED** that Plaintiff be required to comply with the Federal Rules of Civil Procedure and the Court's Local Rules should he wish to submit any further requests to amend his Amended Complaint.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.

---

[5] In light of Defendant Geo Group's Motion for Summary Judgment [ECF 38], which will apply with equal force to Plaintiff's operative Amended Complaint, Defendant GEO Group need not be required to file an answer to the Amended Complaint unless so ordered by the Court. In addition, any claim in the Amended Complaint would still remain dismissed with prejudice with respect to NMCD.